TRINA A. HIGGINS, United States Attorney (#7349)
RYAN N. HOLTAN, Special Assistant United States Attorney (#13244)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED US District Court-UT
JAN 31 '24 AM09:51

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case no. 2:23-cr-00414-DS |
| Plaintiff, | THIRD<br>SUPERSEDING INDICTMENT |
| vs. | |
| GEORGINA ESPINOZA-GRAJEDA,<br>JESID DADIANA DE SUTTER,<br>GUADALUPE ARACELY VARGAS RUELAS,<br>RODRIGO ANDRES DROGUETT-ALMENDRA,<br>ERIK ROJAS-MORENO,<br>FREDIS OMAR ARCHAGA-PONCE,<br>SANTOS REYNERIO LEMUZ-ORTEGA,<br>EVER NOHE MURILLO-RAUDALES,<br>JOSE NIXON ESCOTO-ORTEZ,<br>VICENTE ORTEZ-ZUNIGA,<br>WILMER ARNOLDO ROMERO-SOTO,<br>RIGO ADOLFO MELENDEZ-MARTINEZ,<br>CRISTIAN ANTONIO VALLE-ACOSTA,<br>YAHIR ACOSTA-MELENDEZ,<br>ISAAC ANTONIO ARTEAGA-ACOSTA,<br>EDILBERTO MELENDEZ-PONCE,<br>HENRRY ARITA-LOZANO, | Count 1: 18 U.S.C. § 1956(h), Conspiracy to Launder Money (ALL DEFENDANTS EXCEPT ESCOTO-ORTEZ, VARGAS RUELAS, ACOSTA-MELENDEZ, FIERRO)<br><br>Count 2: 31 U.S.C. § 5324, Conspiracy to Structure Transactions to Evade Reporting Requirements (ALL DEFENDANTS EXCEPT MULTISERVICIOS LOKOS LLC, ESCOTO-ORTEZ, ACOSTA-MELENDEZ, FIERRO)<br><br>Count 3: 31 U.S.C. § 5322, Conspiracy to Evade Suspicious Activity Reporting and Anti-Money Laundering Requirements (ESPINOZA-GRAJEDA, DE SUTTER)<br><br>Count 4: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (DROGUETT)<br><br>Count 5: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (DROGUETT) |

FRANCES DALYANA POWER-
ESCOBAR,
KEVIN ARIEL RUIZ-AGUILAR,
MULTISERVICIOS LOKOS LLC,
MILTON IVAN ACOSTA
HERNANDEZ,
MIGUEL FIERRO,
SANDY CONTRERAS ESPINOZA,
CRISTIAN ESCOBAR-GOMEZ,
LIONEL BARRERA BASILIO, and
ELOY TAYLOR,

      Defendants.

Count 6: 18 U.S.C. § 922(g)(5), Alien in
Possession of a Firearm (DROGUETT)

Count 7: 21 U.S.C. § 841(a)(1), Possession of
Heroin with Intent to Distribute (ROJAS-
MORENO)

Count 8: 21 U.S.C. § 841(a)(1), Possession of
Cocaine with Intent to Distribute (ROJAS-
MORENO)

Count 9: 18 U.S.C. § 922(g)(5), Illegal Alien
in Possession of a Firearm (ROJAS-
MORENO)

Count 10: 21 U.S.C. § 841(a)(1), Possession
of Heroin with Intent to Distribute
(ARCHAGA-PONCE)

Count 11: 21 U.S.C. § 841(a)(1), Possession
of Cocaine with Intent to Distribute
(ARCHAGA-PONCE)

Count 12: 21 U.S.C. § 841(a)(1), Possession
of Heroin with Intent to Distribute (LEMUZ-
ORTEGA)

Count 13: 21 U.S.C. § 841(a)(1), Possession
of Cocaine with Intent to Distribute
(LEMUZ-ORTEGA)

Count 14: 21 U.S.C. § 841(a)(1), Possession
of Heroin with Intent to Distribute
(MURILLO-RAUDALES)

Count 15: 21 U.S.C. § 841(a)(1), Possession
of Cocaine with Intent to Distribute
(MURILLO-RAUDALES)

Count 16: 21 U.S.C. § 841(a)(1), Possession
of Heroin with Intent to Distribute (ESCOTO-
ORTEZ, ORTEZ-ZUNIGA)

|  | Count 17: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (ESCOTO-ORTEZ, ORTEZ-ZUNIGA) |
|  | Count 18: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (ROMERO-SOTO) |
|  | Count 19: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (ROMERO-SOTO) |
|  | Count 20: 18 U.S.C. § 922(g)(5), Illegal Alien in Possession of Firearms (ROMERO-SOTO) |
|  | Count 21: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (MELENDEZ-MARTINEZ, ACOSTA-MELENDEZ, VALLE-ACOSTA) |
|  | Count 22: 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute (ARTEAGA-ACOSTA) |
|  | Count 23: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (ARTEAGA-ACOSTA) |
|  | Count 24: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (MELENDEZ-PONCE) |
|  | Count 25: 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute (MELENDEZ-PONCE) |
|  | Count 26: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (MELENDEZ-PONCE) |

| | |
|---|---|
| | Count 27: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (RUIZ-AGUILAR) |
| | Count 28: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (RUIZ-AGUILAR) |
| | Count 29: 18 U.S.C. § 922(g)(5), Alien in Possession of a Firearm (RUIZ-AGUILAR) |
| | Count 30: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (ACOSTA HERNANDEZ) |
| | Count 31: 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute (ACOSTA HERNANDEZ) |
| | Count 32: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (ACOSTA HERNANDEZ) |
| | Count 33: 21 U.S.C. §§ 841(a)(1) and 846 Conspiracy to Distribute Fentanyl (FIERRO and CONTRERAS) |
| | Count 34: 21 U.S.C. § 841(a), Possession of Cocaine with Intent to Distribute (BASILIO) |
| | Count 35: 21 U.S.C. § 841(a), Possession of Heroin with Intent to Distribute (BASILIO) |
| | Count 36: 21 U.S.C. § 841(a)(1), Possession of Heroin with Intent to Distribute (TAYLOR) |
| | Count 37: 21 U.S.C. § 841(a)(1), Possession of Fentanyl with Intent to Distribute (TAYLOR) |

4

The Grand Jury charges:

COUNT 1
18 U.S.C. § 1956(h)
(Conspiracy to Launder Money)

Beginning on a date unknown, and at least as far back as January 1, 2022, and

continuing to on or about November 8, 2023, in the District of Utah, and elsewhere,

GEORGINA ESPINOZA-GRAJEDA,

JESID DADIANA DE SUTTER,

RODRIGO ANDRES DROGUETT-ALMENDRA,

ERIK ROJAS-MORENO,

FREDIS OMAR ARCHAGA-PONCE,

SANTOS REYNERIO LEMUZ-ORTEGA,

EVER NOHE MURILLO-RAUDALES,

VICENTE ORTEZ-ZUNIGA,

WILMER ARNOLDO ROMERO-SOTO,

RIGO ADOLFO MELENDEZ-MARTINEZ,

CRISTIAN ANTONIO VALLE-ACOSTA

ISAAC ANTONIO ARTEAGA-ACOSTA,

EDILBERTO MELENDEZ-PONCE,

HENRRY ARITA-LOZANO,

FRANCES DALYANA POWER-ESCOBAR,

KEVIN ARIEL RUIZ-AGUILAR,

MULTISERVICIOS LOKOS, LLC,

5

MILTON IVAN ACOSTA HERNANDEZ,

SANDY CONTRERAS ESPINOZA,

CRISTIAN ESCOBAR-GOMEZ,

LIONEL BARRERA BASILIO,

and

ELOY TAYLOR,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit the following offenses against the United States of America in violation of 18 U.S.C. § 1956:

(a) to knowingly conduct and attempt to conduct financial transactions, such as money transfers, affecting interstate or foreign commerce, which involved the proceeds of a specified unlawful activity, specifically, the illegal distribution of controlled substances, in violation of 21 U.S.C. §§ 841(a)(l) & 846, with the intent to promote the carrying on of specified unlawful activity, that is, the illegal distribution of controlled substances, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) & 1956(a)(l)(A)(i);

(b) to knowingly conduct and attempt to conduct financial transactions, such as money transfers, affecting interstate or foreign commerce, which involved the proceeds of specified unlawful activity, specifically, the unlawful distribution of controlled

substances, in violation of 21 U.S.C. §§ 841(a)(l) & 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the transactions represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. §§ 1956(h) & 1956(a)(1)(B)(i);

(c) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States to and through a place outside the United States or to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(l) & 846, all in violation of 18 U.S.C. §§ 1956(h) & 1956(a)(2)(A); and,

(d) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer funds from a place in the United States, that is the State of Utah, to and through a place outside the United States, that is Mexico, and knowing that the monetary instruments or funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, that is, the unlawful distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(l) & 846, and knowing that such transportation was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity; all in violation of 18 U.S.C. §§ 1956(h) & 1956(a)(2)(B)(i).

7

<u>COUNT 2</u>
18 U.S.C. § 371 and 31 U.S.C. § 5324
(Conspiracy to Structure Transactions to Evade Reporting Requirements)

Beginning on a date unknown, and at least as far back as January 1, 2022, and

continuing to on or about November 8, 2023, in the District of Utah, and elsewhere,

GEORGINA ESPINOZA-GRAJEDA,

JESID DADIANA DE SUTTER,

GUADALUPE ARACELY VARGAS RUELAS,

RODRIGO ANDRES DROGUETT-ALMENDRA,

ERIK ROJAS-MORENO,

FREDIS OMAR ARCHAGA-PONCE,

SANTOS REYNERIO LEMUZ-ORTEGA,

EVER NOHE MURILLO-RAUDALES,

VICENTE ORTEZ-ZUNIGA,

WILMER ARNOLDO ROMERO-SOTO,

RIGO ADOLFO MELENDEZ-MARTINEZ,

CRISTIAN ANTONIO VALLE-ACOSTA,

ISAAC ANTONIO ARTEAGA-ACOSTA,

and EDILBERTO MELENDEZ-PONCE,

HENRRY ARITA-LOZANO,

FRANCES DALYANA POWER-ESCOBAR,

KEVIN ARIEL RUIZ-AGUILAR,

MILTON IVAN ACOSTA HERNANDEZ,

8

SANDY CONTRERAS ESPINOZA,

CRISTIAN ESCOBAR-GOMEZ,

LIONEL BARRERA BASILIO and ELOY TAYLOR,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and

agree with others known and unknown to the Grand Jury, for the purpose of evading the

reporting requirements established under U.S.C. § 5313(a), and the regulations

promulgated thereunder, and for the purpose of evading the reporting or recordkeeping

requirements established under 31 U.S.C. § 5326, and the regulations promulgated

thereunder, to knowingly structure, attempt to structure, and assist in structuring money

transfers through Multiservicios Lokos, Jalisco Western Wear, Maxi, and Viamericas,

and other money services businesses, all of which are classified as domestic financial

institutions subject to the reporting requirements of 31 U.S.C. § 5313(a), and the

reporting or recordkeeping requirements of 31 U.S.C. § 5326, and did so as a pattern of

illegal activity involving more than $100,000 in a twelve (12) month period, in violation

of 31 U.S.C. § 5324(a)(1), (a)(3), and (d)(2), and thereafter performed one or more acts in

furtherance of the object of their conspiracy.  All in violation of 18 U.S.C. § 371, and 31

U.S.C. § 5324(a)(1), (a)(3), and (d)(2).

### COUNT 3
18 U.S.C. § 371 and 31 U.S.C. § 5322
(Conspiracy to Evade Suspicious Activity Reporting and Anti-Money Laundering
Requirements)

Beginning on a date unknown, and at least as far back as January 1, 2022, and continuing to on or about November 8, 2023, in the District of Utah, and elsewhere,

GEORGINA ESPINOZA-GRAJEDA and JESID DADIANA DE SUTTER,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, for the purpose of evading the suspicious transactions reporting requirements established under 31 U.S.C. § 5318(g), and the regulations promulgated thereunder, and for the purpose of evading anti-money laundering program requirements established under 31 U.S.C. § 5318(h), and the regulations promulgated thereunder, and did so as a pattern of illegal activity involving more than $100,000 in a twelve (12) month period, in violation of 31 U.S.C. § 5322(b), and thereafter performed one or more acts in furtherance of the object of their conspiracy. All in violation of 18 U.S.C. § 371 and 31 U.S.C. § 5322.

COUNT 4
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about September 7, 2023, in the District of Utah,

RODRIGO ANDRES DROGUETT-ALMENDRA,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 5
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

10

On or about September 7, 2023, in the District of Utah,

RODRIGO ANDRES DROGUETT-ALMENDRA,

defendant herein, did knowingly and intentionally possess with intent to distribute

Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 6
18 U.S.C. § 922(g)(5)
(Illegal Alien in Possession of a Firearm)

On or about September 7, 2023, in the District of Utah,

RODRIGO ANDRES DROGUETT-ALMENDRA,

defendant herein, knowing he was an alien illegally or unlawfully in the United States,

did knowingly possess a firearm, to wit: a Taurus 9mm handgun, and the firearm was in

and affecting commerce; all in violation of 18 U.S.C. § 922(g)(5).

## COUNT 7
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about October 2, 2023, in the District of Utah,

ERIK ROJAS-MORENO,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 8

11

21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about October 2, 2023, in the District of Utah,

ERIK ROJAS-MORENO,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 9
18 U.S.C. § 922(g)(5)
(Illegal Alien in Possession of a Firearm)

On or about October 2, 2023, in the District of Utah,

ERIK ROJAS-MORENO,

defendant herein, knowing he was an alien illegally or unlawfully in the United States,

did knowingly possess a firearm, to wit: a Taurus 9mm handgun, and the firearm was in

and affecting commerce; all in violation of 18 U.S.C. § 922(g)(5).

## COUNT 10
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about October 19, 2023, in the District of Utah,

FREDIS OMAR ARCHAGA-PONCE,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

12

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 11
### 21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about October 19, 2023, in the District of Utah,

### FREDIS OMAR ARCHAGA-PONCE,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 12
### 21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about October 19, 2023, in the District of Utah,

### SANTOS REYNERIO LEMUZ-ORTEGA,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 13
### 21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about October 19, 2023, in the District of Utah,

### SANTOS REYNERIO LEMUZ-ORTEGA,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>COUNT 14</u>
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about October 24, 2023, in the District of Utah,

EVER NOHE MURILLO-RAUDALES,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>COUNT 15</u>
21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about October 24, 2023, in the District of Utah,

EVER NOHE MURILLO-RAUDALES,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>COUNT 16</u>
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about October 26, 2023, in the District of Utah,

JOSE NIXON ESCOTO-ORTEZ and VICENTE ORTEZ-ZUNIGA,

14

defendants herein, did knowingly and intentionally possess with intent to distribute Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 17
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about October 26, 2023, in the District of Utah,

JOSE NIXON ESCOTO-ORTEZ and VICENTE ORTEZ-ZUNIGA,

defendants herein, did knowingly and intentionally possess with intent to distribute Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 18
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about October 11, 2023, in the District of Utah,

WILMER ARNOLDO ROMERO-SOTO,

defendant herein, did knowingly and intentionally possess with the intent to distribute Fentanyl, a Schedule II controlled substance, within the meaning of 21 U.S.C. § 812; all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

### COUNT 19
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about October 11, 2023, in the District of Utah,

WILMER ARNOLDO ROMERO-SOTO,

defendant herein, did knowingly and intentionally possess with the intent to distribute

Heroin, a Schedule I controlled substance, within the meaning of 21 U.S.C. § 812; all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 20
18 U.S.C. § 922(g)(5)
(Illegal Alien in Possession of Firearms)

On or about October 11, 2023, in the District of Utah,

WILMER ARNOLDO ROMERO-SOTO,

defendant herein, knowing he was an alien illegally or unlawfully in the United States,

did knowingly possess firearms, namely, a Glock 48 handgun and a Walther PPS

handgun, and the firearms were in and affecting commerce; all in violation of 18 U.S.C. §

922(g)(5).

## COUNT 21
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about October 11, 2023, in the District of Utah,

RIGO ADOLFO MELENDEZ-MARTINEZ, YAHIR ACOSTA-MELENDEZ,

and

CRISTIAN ANTONIO VALLE-ACOSTA,

defendants herein, did knowingly and intentionally possess with intent to distribute

16

Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 22
21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about November 1, 2023, in the District of Utah,

ISAAC ANTONIO ARTEAGA-ACOSTA,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 23
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about November 1, 2023, in the District of Utah,

ISAAC ANTONIO ARTEAGA-ACOSTA,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 24
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about November 6, 2023 in the District of Utah,

EDILBERTO MELENDEZ-PONCE,

defendant herein, did knowingly and intentionally possess with intent to distribute

Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 25
21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about November 6, 2023, in the District of Utah,

EDILBERTO MELENDEZ-PONCE,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 26
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about November 6, 2023, in the District of Utah,

EDILBERTO MELENDEZ-PONCE,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

COUNT 27
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about November 15, 2023, in the District of Utah,

KEVIN RUIZ-AGUILAR,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 28
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about November 15, 2023 in the District of Utah,

KEVIN RUIZ-AGUILAR,

defendant herein, did knowingly and intentionally possess with intent to distribute

Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 29
18 U.S.C. § 922(g)(5)
(Illegal Alien in Possession of a Firearm)

On or about November 15, 2023, in the District of Utah,

KEVIN RUIZ-AGUILAR,

defendant herein, knowing he was an alien illegally or unlawfully in the United States,

did knowingly possess a firearm, to wit: a SCCY CPX-1 9mm handgun, and the firearm

was in and affecting commerce; all in violation of 18 U.S.C. § 922(g)(5).

## COUNT 30
21 U.S.C. § 841(a)(1)

(Possession of Fentanyl with Intent to Distribute)

On or about November 8, 2023 in the District of Utah,

MILTON IVAN ACOSTA HERNANDEZ,

defendant herein, did knowingly and intentionally possess with intent to distribute

Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 31
21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about November 8, 2023, in the District of Utah,

MILTON IVAN ACOSTA HERNANDEZ,

defendant herein, did knowingly and intentionally possess with intent to distribute

Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in

violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 32
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about November 8, 2023, in the District of Utah,

MILTON IVAN ACOSTA HERNANDEZ,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 33
21 U.S.C. §§ 841(a)(1) and 846
(Conspiracy to Distribute Fentanyl)

Beginning on a date unknown, but not later than August 3, 2023, and continuing through at least August 27, 2023, in the District of Utah and elsewhere,

MIGUEL FIERRO and SANDY CONTRERAS ESPINOZA,

defendants herein, did knowingly and intentionally conspire with each other and with others known and unknown to distribute Fentanyl, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. §§ 841(a)(1) and 846 and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 34
21 U.S.C. § 841(a)(1)
(Possession of Cocaine with Intent to Distribute)

On or about December 18, 2023, in the District of Utah,

LIONEL BARRERA BASILIO,

defendant herein, did knowingly and intentionally possess with intent to distribute Cocaine, a Schedule II controlled substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 35
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about December 18, 2023, in the District of Utah,

LIONEL BARREA BASILIO,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

21

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>COUNT 36</u>
21 U.S.C. § 841(a)(1)
(Possession of Heroin with Intent to Distribute)

On or about January 19, 2024, in the District of Utah,

ELOY TAYLOR,

defendant herein, did knowingly and intentionally possess with intent to distribute Heroin,

a Schedule I controlled substance within the meaning of 21 U.S.C. § 812, all in violation of

21 U.S.C. § 841(a)(1) and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

<u>COUNT 37</u>
21 U.S.C. § 841(a)(1)
(Possession of Fentanyl with Intent to Distribute)

On or about January 19, 2024 in the District of Utah,

ELOY TAYLOR,

defendant herein, did knowingly and intentionally possess with intent to distribute forty

(40) grams or more of a mixture or substance containing a detectable amount of N-phenyl-

N-[1-(2-phenylethyl)-4-piperidinyl] propanimide ("Fentanyl"), a Schedule II controlled

substance within the meaning of 21 U.S.C. § 812, all in violation of 21 U.S.C. § 841(a)(1)

and punishable pursuant to 21 U.S.C. § 841(b)(1)(B).

**<u>NOTICE OF INTENT TO SEEK FORFEITURE</u>**

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1956(h), the defendants shall forfeit to the United States of America any property, real or personal, involved in the money laundering conspiracy, and any property traceable to such property.

Pursuant to 31 U.S.C. § 5317(c)(1), upon conviction of any offense violating 31 U.S.C. 5324, or any conspiracy to commit such violation, the defendants shall forfeit to the United States of America all property, real or personal, involved in the offense and any property traceable thereto.

Pursuant to 21 U.S.C. § 853, upon conviction of any offense violating 21 U.S.C. § 841, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.

Pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 922 or any other federal criminal offense, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used in the commission of the offense.

The government may seek a forfeiture money judgment for each offense equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

The government may seek to forfeit substitute property as allowed by 21 U.S.C. § 853(p).

23

The property to be forfeited includes, but is not limited to:

- A Glock 48 handgun and any associated ammunition seized on October 11, 2023;

- A Walther PPS handgun and any associated ammunition seized on October 11, 2023;

- A Taurus 9mm handgun and any associated ammunition seized on September 7, 2023;

- A Taurus 9mm handgun and any associated ammunition seized on October 2, 2023;

- A SCCY CPX-1 9mm handgun and any associated ammunition seized on November 15, 2023;

- $2,740 in U.S. currency seized on October 2, 2023;

- $8,405 in U.S. currency seized on October 11, 2023;

- $8,516 in U.S. currency seized on October 11, 2023;

- $1,021 in U.S. currency seized on October 11, 2023;

- $3,150 in U.S. currency seized on October 19, 2023;

- $10,013 in U.S. currency seized on October 19, 2023;

- $10,310 in U.S. currency seized on October 26, 2023;

- $1,998 in U.S. currency seized on November 1, 2023;

- $22,081 in U.S. currency seized on November 6, 2023;

- $6,862 in U.S. currency seized on November 8, 2023;

- $13,130 in U.S. currency seized on November 15, 2023;

- $16,201.38 in U.S. currency seized on November 15, 2023;

- $130,041.84 in U.S. currency seized on November 15, 2023;

- $1,451 in U.S. currency seized on November 15, 2023;

- $639 in U.S. currency seized on November 15, 2023; and

- $949.25 in U.S. currency seized January 19, 2024.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

TRINA A. HIGGINS
United States Attorney

_____
Ryan N. Holtan
Special Assistant United States Attorney