TRINA A. HIGGINS, United States Attorney (#7349)
RYAN N. HOTALN, Special Assistant United States Attorney (#13244)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG -5 2024

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00414-DS |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| vs. | |
| RODRIGO ANDRES DROGUETT-ALMENDRA, | Judge David Sam |
| Defendant. | |

    I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

    1.    As part of this agreement with the United States of America, I intend to plead guilty to Count 1, Count 4, and Count 6 of the Third Superseding Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me.

    The elements of Count 1 of the Third Superseding Indictment, Conspiracy to Launder Money, in violation of 18 U.S.C. § 1956(h) are:

> *First,* Two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. § 1956(a)(1)(A)(i), that is, they agreed to conduct financial transactions, knowing the property involved in the financial transactions represented proceeds of some form of unlawful activity, that is distribution of a

controlled substance, a specified unlawful activity under 18 U.S.C. § 1956(c)(7), with the intent to promote the carrying on of that specified unlawful activity;

*Second,* that the Defendant knew that the property involved in financial transactions represented the proceeds of some form of unlawful activity;

*Third,* that the property involved was in fact the proceeds of a specified unlawful activity; and,

*Fourth,* there existed an interdependence among the members of the conspiracy, in that the members of the conspiracy knew the ultimate objective of the conspiracy and that the defendant joined the conspiracy knowing of that ultimate objective.

The elements of Count 4, Possession of Heroin with Intent to Distribute are:

*First,* the Defendant did knowingly and intentionally;

*Second,* possess with intent to distribute a mixture or substance containing a detectable amount of a controlled substance as charged; and

*Third,* that substance was in fact Heroin, a Schedule I controlled substance within the meaning of 21 U.S.C. § 812.

The elements of Count 6, Alien in Possession of a Firearm are:

*First,* the Defendant, knowing they were alien, unlawfully or illegally present in the United States;

*Second,* did knowingly and intentionally possess a firearm; and

*Third,* that firearm was in and affected commerce.

    2.    I know that the maximum possible penalty provided by law for Count 1 of the Third Superseding Indictment violation of 18 U.S.C. § 1956(h), is a term of imprisonment of 20 years, a fine of $500,000, or twice the value of the property involved in the money laundering transactions and a term of supervised release of 3 years. I know that the maximum possible penalty provided by law for Count 4 of the Third Superseding Indictment, a violation of 21 U.S.C. § 841(a)(1), is a term of imprisonment of 20 years, a fine of $1 million, a term of supervised release of 3 years, and any applicable forfeiture. I know that the maximum possible penalty provided by law for Count 6 of the Third Superseding Indictment, a violation of 18 U.S.C. § 922(g)(5), is a term of imprisonment of 10 years, a fine of $250,000, a term of supervised release of 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised

release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

       a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

       b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

       3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

       4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

       5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

       6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

       a. I have a right to the assistance of counsel at every stage of the proceeding.

       b. I have a right to see and observe the witnesses who testify against me.

       c. My attorney can cross-examine all witnesses who testify against me.

       d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

    e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h. It requires a unanimous verdict of a jury to convict me.

    i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

  7. If I plead guilty, I will not have a trial of any kind.

  8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

  9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

  10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

  11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

Count 1 Conspiracy to Launder Money

From a date unknown and continuing to on or about September 6, 2023, I admit that I agreed with other co-conspirators to conduct financial transactions affecting interstate commerce which involved the proceeds of narcotics trafficking. Specifically, during the period that my co-conspirators conducted narcotics transactions (and I assisted them), I assisted the money laundering of drug proceeds by receiving cash proceeds of those drug sales and sending wire transfers through the business Antojitos Lokos, with the assistance of Georgina Espinoza-

4

Grajeda and Jesid Dadiana De Sutter. On September 6, 2023, I deposited approximately $7,000 in cash proceeds of drug sales. I and my co-conspirators then conducted financial transactions using the proceeds of the distribution of controlled substances, with the intent to promote the further distribution of controlled substances. I further admit that the distribution of a controlled substance is a specified unlawful activity under 18 U.S.C. § 1956(c)(7). I agreed with my co-conspirators to engage in these financial transactions with the intent to promote the unlawful activity in which we were engaged. My agreement and actions took place in the District of Utah. I admit that my conduct violated 18 U.S.C. § 1956(h).

Count 4 Possession of Heroin with Intent to Distribute and Count 6 Alien in Possession of a Firearm

On September 7, 2023, I knowingly and intentionally possessed approximately 3 pounds of heroin in the District of Utah. It was my intent to sell and distribute that heroin. I admit and acknowledge that my conduct violated 21 U.S.C. §841(a)(1). On that same date in the District of Utah I knowingly and intentionally possessed a 9mm Taurus handgun while I knew I was illegally and unlawfully present in the United States. Furthermore, I acknowledge that handgun was in and affecting commerce. I admit and acknowledge that my conduct violated 18 U.S.C. §922(g)(5).

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

    a. **Guilty Plea.** I will plead guilty to Count 1, Count 4, and Count 6 of the Third Superseding Indictment.

    b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 60 months' imprisonment, which I agree is a reasonable sentence.

    (1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and

the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2)   If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 60 will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 60, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Count 5 at the time of sentencing. The United States also agrees not to seek indictment against me for any other narcotics trafficking offense of which the United States Attorney's Office for the District of Utah is aware at this time.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1)   Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2)   I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except to raise an ineffective assistance of counsel claim. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3)  I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)  I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)  Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f.  **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g.  **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

h.  **Forfeiture.**

(1)  I agree to the administrative, civil, or criminal forfeiture to the United States of any property noted as subject to forfeiture in the indictment, information, bills of particulars, or seized or restrained in the investigation underlying the indictment or information, and will not contest, challenge, or appeal in any way such forfeiture, including the forfeiture of:

- A 9mm Taurus handgun and any associated ammunition seized on September 7, 2023.

(2)  I acknowledge that this property is subject to forfeiture under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. § 922 or any other federal criminal offense, the defendant shall forfeit to the United States of America any firearm or ammunition involved in or used in the commission of the offense.

(3) I consent to entry of any orders, judgments, or declarations of forfeiture regarding such property and waive the requirements (including notice of the forfeiture) of 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure. I consent to any criminal forfeiture order becoming final as to me upon its entry.

(4) I will not claim the property or oppose its forfeiture, nor help anyone else do so, and will testify truthfully in any forfeiture proceeding. As far as I know, no other third party has an interest in the property. I withdraw any previous administrative forfeiture claims and petitions for remission related to the property. I will not claim property sought for forfeiture from other defendants related to my case. I will sign any documents necessary to ensure that clear title to the property passes to the United States.

(5) I waive any claims I may have against the government, its officers, employees, and agents regarding the seizure, forfeiture, storage, and disposal of the property.

(6) I waive any constitutional or statutory challenges to the forfeiture, including that it is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*   \*   \*   \*

I make the following representations to the Court:

1. I am _27_ years of age. My education consists of _12th grade_. I _____ [can/~~cannot~~] read and understand English.

2. This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.   Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5.   I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.   I am satisfied with my lawyer.

7.   My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.   I have no mental reservations concerning the plea.

9.   I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _5th_ day of _August_, _2024_

_____
RODRIGO ANDRES DROGUETT-ALMENDRA
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this _5th_ day of _August_, _2024_

_____
Wojciech Nitecki
Attorney for Defendant

9

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 5th day of August, 2024.

TRINA A. HIGGINS
United States Attorney

Ryan N. Holtan
Special Assistant United States Attorney